**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| KAYI AFFO, et al., | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | )   **No.  2:11-cv-482-DBH** |
| | )   CONSOLIDATED WITH |
| GRANITE BAY CARE, INC. et al. | )   No. 2:12-cv-115-DBH |
| | ) |
| **Defendants.** | ) |

**DEFENDANTS' EVIDENTIARY PROFFER ON THE**
**GOOD FAITH RELIANCE DEFENSE PURSUANT TO 29 U.S.C. § 259**

**1.      Overview**

Defendants seek to present testimony and evidence that they relied upon the

writings, communications, statements, discussions, and course of action of the United

States Department of Labor in continuing the characterization of Adult Foster Care

Providers as independent contractors and paying them through tax free stipends.  In

particular, Defendants seek to present testimony and evidence that they relied on an email

from an investigator of the United States Department of Labor in 2007 which specified

that additional stipend payments for weekend work could be added to the regular monthly

stipend payment received by the Adult Foster Care Provider.  Testimony will be provided

that the only conclusion from that email could be that Granite Bay could continue to treat

the Adult Foster Care Providers as independent contractors.  Testimony will be provided

that this conclusion was confirmed by contemporaneous discussions with the investigator

who stated that the conclusion was correct; by his notes of a meeting with Granite Bay

Care in which he wrote that the only violation found in his investigation involved the

respite care workers; and through subsequent communications with the investigator and

1

his supervisor (the regional director) who likewise confirmed that the Adult Foster Care

Provider arrangement was lawful.  Testimony will be provided that although the regional

director of the United States Department of Labor would not affirmatively state this in

writing, he invited Granite Bay Care to send him a letter setting forth that point and if

anything in the letter was inaccurate, he would reply and point out the inaccuracy.

Granite Bay Care's attorney did that and the regional director did not respond to the

letter.  However, testimony will be provided that his office had several written and verbal

communications with Granite Bay Care afterward and there was never an attempt to

dispute the accuracy of the letter that Granite Bay Care had sent.  Testimony will be

presented that Granite Bay Care relied on those communications in continuing to treat the

Adult Foster Care Providers as independent contractors.

Testimony will also be presented that in 2010 when a different investigator

challenged the independent contractor arrangement, Granite Bay Care reminded the

regional director of their prior interactions in 2007.  Testimony will be presented that in

response, the regional director remembered those communications, agreed that Granite

Bay Care had relied upon those communications and had been acting in good faith

reliance upon them and therefore would not take any action against Granite Bay Care.

2. **Good Faith Reliance on the Department of Labor's Express Determination**

The Fair Labor Standards Act recognizes that there are some circumstances in

which there would be fundamental unfairness to allow a wage violation claim to proceed

if the employer was acting in good faith and relying upon some specific action of the

United States Department of Labor.  In particular, 29 U.S.C. §259 provides as follows:

(a) in any action or proceeding based on any act or omission on or after May 14, 1947, no employer shall be subject to any liability or punishment for or on account of the failure of the employer to pay minimum wages or overtime compensation under the Fair Labor Standards Act of 1938, as amended . . . if he pleads and proves that the act or omission complained of was in good faith in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation, of the agency of the United States specified in subsection (b) of this section, or any administrative practice or enforcement policy of such agency with respect to the class of employers to which he belonged. Such a defense, if established, shall be a bar to the action or proceeding, notwithstanding that after such act or omission, such administrative regulation, order, ruling, approval, interpretation, practice, or enforcement policy is modified or rescinded or is determined by judicial authority to be invalid or of no legal effect.

The pivotal issue in this analysis is whether the email from the Department of Labor Investigator, together with the written summary of the investigation, the communications with the Investigator and the Regional Director, the letter to the Department of Labor indicating that there is no violation with respect to the Adult Foster Care Providers and the absence of any response from the Department of Labor challenging that letter (despite numerous communications taking place) are sufficient enough to constitute "any written administrative regulation, order, ruling, approval, or interpretation". Defendants submit that this point should be answered in the affirmative.

In connection with the prior ruling on this issue on summary judgment, the Defendants had limited the basis of the motion in their reply brief solely to the email from the investigator. For the purposes of this proffer, however, the Defendants have expanded the basis to the corresponding and corroborating facts in connection with the email that place the email and the investigation in broader context.

In *Mascol v. E&L Transp., Inc.,* 387 F. Supp. 2d 87, 100-101 (E.D.N.Y. 2005), the court was confronted with an analogous situation in which an employer had received

a letter from the Department of Labor after an investigation and had relied upon it.  The

court recounted these facts as follows:

> In 1996, before the time period covered by this litigation, the Department
> of Labor ("DOL") investigated Community Transportation, Inc. for
> violations of the FLSA. In 1996, a letter (the "Sinclair Letter") was issued
> to Ely Matalon, stating that Community Transportation, Inc., was not in
> violation of the FLSA and stated "We believe your firm to be exempt from
> OT [overtime] under *FLSA Reg Section 13(b)(17)* . . . taxicab." The letter
> was issued from the Employment Standards Administration, Wage and
> Hour Division, DOL, and signed by Doreen L. Sinclair, an investigator.

*Mascol v. E&L Transp., Inc.,* 387 F. Supp. 2d at 91.

The court ultimately determined that the letter constituted a ruling of the

Department.  The Court stated in relevant part:

> Although the Sinclair Letter is not a published letter or opinion of the sort
> expressly contemplated by the Portal Act, the letter issued to defendants
> was specific in addressing defendant's particular business, as it was in
> response to an investigation of defendant's pay practices, and the letter
> cited legal authority.
> …
> Since the letter was issued by the Wage and Hour Division as a result of a
> specific official investigation, even though it was not a published formal
> statement, it qualifies as an official letter representing the position of the
> Wage and Hour Division and so it must be a "ruling" of an "Agency" as
> contemplated by the Portal Act.

*Mascol v. E&L Transp., Inc.,* 387 F. Supp. 2d at 100-101.

The same analysis should be applied here – particularly when the email which

was sent to Granite Bay Care is coupled with the numerous discussions regarding the

compliant nature of the pay practice.  The email dealt with the specific compensation

issue at Granite Bay Care, contained its determination, was the result of an investigation

and as a result it represented an official position of the Department of Labor.  It is also

important to note that the substantive content of the respective communications in *Mascol*

and this case are not much different.  Equally relevant is the fact that they were each sent

by an investigator.  In addition, the letter from Granite Bay Care, which the District

Director invited, should further solidify the position that the Department issued a formal

ruling in this matter.

> 3.     **Testimony and Evidence That Defendants Seek to Present**

Defendants seek to present the following testimony:

> A.     **Comprehensive Scope of Department of Labor Investigation:**  The

testimony of Greg Robinson will be presented that the Department of Labor conducted an

extensive investigation of Granite Bay Care in 2007 and that the investigator requested

and reviewed documents, contracts and employment records of traditional employees,

respite workers and adult foster care providers.  The investigator also interviewed

individuals from each of these groups.  In addition to what he was able to ascertain from

the documentary review, Mr. Robinson will testify that the investigator had personal

knowledge of the adult foster care provider arrangement because a family member

utilized similar services.

> B.     **Department of Labor Conclusion that Adult Foster Care Provider**

**Relationship was Lawful:**  The testimony of Greg Robinson will be presented that at the

end of that investigation, the Department of Labor concluded only that the respite

workers had not been compensated in accordance with the law.  Most importantly,

however, Mr. Robinson will testify that he was expressly told by the Department of

Labor that its adult foster care provider/independent contractor model was compliant with

the law.  Mr. Robinson will testify that the corresponding and contemporaneous

discussions with the Department of Labor help explain the significance of the email from

the Department of Labor approving the arrangement in writing.  Mr. Robinson will testify

that document specified that an additional payment could be made to an Adult Foster

Care Provider as an additional stipend payment and that if the independent contractor

arrangement was not lawful, the Department of Labor would not be able to approve the

payment of an additional stipend to the Adult Foster Care Providers.  The email states:

> As I indicated at the meeting, my overtime back wage figures are subject
> to revision as circumstances warrant, such as for the instances Mr.
> Robinson mentioned with **the adult foster care provider opting not to
> avail themselves of the respite care and instead being paid the respite
> care stipend themselves.  In that case, I will instead consider the
> respite care payment as an additional foster care stipend.**  (emphasis
> added).

Plaintiffs' Ex. No. 85.

Mr. Robinson will testify that this statement is even further illuminated by the

accompanying conversations between the Department of Labor and him at that point in

time which specifically approve of this arrangement.  Mr. Robinson will testify that his

understanding of the Department of Labor's position is summarized by the investigator in

his investigative summary in which the investigator stated that there were no violations in

the course of the investigation other than those involving the respite workers.  Plaintiffs'

Ex. No. 84.

**C.**      **Meeting with Regional Director of the Department of Labor:**  Mr.

Robinson will testify that at a subsequent meeting with the Regional Director for the

Department of Labor, the director specifically approved the Adult Foster Care Provider

Arrangement.  Mr. Robinson will testify that although the Regional Director said that he

would not put anything further in writing on the matter, he invited Granite Bay Care to do

so and represented that if any of the content of the letter was incorrect, he would respond.

Mr. Robinson will testify and present documentary evidence that the only violations involved the respite care workers.

D.      **Letter to Department of Labor:**  Mr. Robinson will testify that he had Granite Bay Care's attorney write to the Regional Director (Plaintiffs' Ex. No. 81) and the letter stated:  "The DOL's investigation did not focus on the AFCs or hourly workers **and found no violations with regard to the AFCs or hourly workers.**" (emphasis added).  Mr. Robinson will testify that although several communications were subsequently received from the Department of Labor, none of them addressed or attempted to correct the statement that no violations were found with regard to the adult foster care providers.

E.      **Reliance on email, letter, absence of response disputing the letter, and communications with Department of Labor:**  Mr. Robinson will testify that Granite Bay Care: (1) acted in reliance on a ruling or specific enumerated action of the Department of Labor, (2) its action was in conformity with that ruling or action, and (3) that it acted in good faith.  Specifically, Mr. Robinson will testify that he relied on the email from the investigator, the scope of the investigation, the discussions with the investigator on the Adult Foster Care Providers and the legality of that arrangement, the context within which the email was sent; the discussions with the regional director, the invitation to submit a letter outlining Granite Bay Care's position and the promise to respond if there was an inaccuracy, the absence of a response (although there were numerous communications) and the regional director's concession in 2010 that Granite Bay Care had been operating in good faith reliance on its previous position.  Mr. Robinson will testify that Granite Bay Care had changed the manner in which respite care

providers were compensated because of concerns over the legality of that arrangement.

Mr. Robinson will testify that he had done the calculation and was prepared to change the

manner in which the Adult Foster Care Providers were compensated (and it could have

easily been done), but that he did not make the change in 2007 because the Department of

Labor had said the existing compensation structure was  lawful.  Mr. Robinson said that

he would have made the change immediately in 2007 if the Department of Labor had

expressed any reservation about the manner in which the Adult Foster Care Providers

were classified or compensated.

## CONCLUSION

For the reasons set forth above, Defendants Granite Bay Care, Kasai Mumpini,

and Caroletta Alicea respectfully request that they be permitted to present testimony and

evidence on their good faith reliance on the writings, communications, statements,

discussions and course of conduct of the United States Department of Labor with and

between Granite Bay Care in support of their defense pursuant to 29 U.S.C. §259.


Dated:  November 25, 2013                        /s/ Timothy J. O'Brien
                                                 Timothy J. O'Brien, Esq. (Bar No. 3799)
                                                 Attorney for Defendants
                                                 Libby O'Brien Kingsley & Champion, LLC
                                                 62 Portland Road, Suite 17
                                                 Kennebunk, ME  04043
                                                 tobrien@lokllc.com
                                                 (207) 985-1815

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which caused a copy of this document to be served electronically on all registered counsel of record:

Donald F. Fontaine, Esq.
97 India Street
PO Box 7590
Portland, ME  04112-7500

Lisa J. Butler, Esq.
Maine Employee Rights Group, PA, LLC
23 Water Street, Ste. 207
Bangor, ME  04401


　　/s/ Timothy J. O'Brien
Timothy J. O'Brien, Esq. (Bar No. 3799)
Attorney for Defendants
Libby O'Brien Kingsley & Champion, LLC
62 Portland Road, Suite 17
Kennebunk, ME  04043
tobrien@lokllc.com
(207) 985-1815